UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA, <br><br> Nationwide, <br><br> v. <br><br> DOUGLAS KNIGHT, <br><br> Defendant. | No. 4:16CV01401 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Douglas Knight's ("Knight") Motion to Quash Summons Service and to Dismiss (ECF No. 9). Plaintiff Nationwide Insurance Company of America ("Nationwide") has filed a Response in Opposition (ECF No. 10) and Knight filed a Response to Plaintiff's Suggestions in Opposition to Defendant's Motion to Quash Summons Service and Dismiss (ECF No. 11) and a Motion to Supplement his Reply to Nationwide (ECF No. 12).

### Background

On September 21, 2014, Defendant Douglas Knight ("Knight") was involved in a motor-vehicle accident with Danielle Ely ("Ely"). (ECF No. 9-2). On August 31, 2016, Nationwide Insurance Co. of America ("Nationwide") filed a Complaint for Declaratory Judgment in Federal Court in accordance with Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. (ECF No. 1). Nationwide seeks interpretation of an insurance policy, Policy Number PPNM0037888462 ("the Policy"), Nationwide issued to Knight and for declaratory judgment defining Nationwide's rights and obligations to Knight. (ECF No. 1). Nationwide's claim arises from Knight's claim for

1

Uninsured Motorist ("UIM") coverage pursuant to the Policy for alleged injuries occurring in the car accident on September 21, 2014. (ECF No. 1). Knight settled with the Ely's insurance carrier, Farmers Insurance Company. (ECF No. 1). Nationwide seeks a declaration that it does not owe UIM coverage for Knight because Ely's vehicle does not fall within the definition of an "uninsured motor vehicle". (ECF No. 1).

On September 21, 2016, Knight filed a Petition seeking Declaratory Judgment in the 16th Circuit Court of Jackson County. (ECF No. 9-2). In the Circuit Court, Knight sought damages for Breach of Contract, Vexatious Refusal, and Declaratory Judgment. (ECF No. 9-2). In Knight's Petition in the Circuit Court, Knight alleges to be involved in the same motor-vehicle accident on September 21, 2014, where Ely's vehicle struck Knight's vehicle. (ECF No. 9-2). Knight alleges Ely was arrested and charged with driving under the influence. (ECF No. 9-2). Knight claims Ely's insurance carrier offered their policy limit of $100,000 in settling Knight's claim against Ely, which Nationwide granted Knight permission to accept for bodily injuries on May 31, 2016. (ECF No. 9-2). In that same state court action, Knight alleges he purchase $100,000 of UIM coverage benefits from Nationwide. (ECF No. 9-2). Knight asserts Nationwide denied Knight's UIM claim because the policy did not provide for $100,000 in UIM coverage and the bodily injury policy limits for Farmers was $100,000. (ECF No. 9-2).

On October 24, 2016, the Circuit Court dismissed the claims for failure to prosecute pursuant to 16th Circuit Rule 37.4.1. (ECF No. 10-1). On November 8, 2016, Knight filed a Motion to Set Aside Dismissal of his original Petition in the Circuit Court. (ECF No. 11-1). On November 10, 2016, the Circuit Court granted Knight's Motion to Set Aside Dismissal and re-instituted the case from the date of filing the original Petition. (ECF No. 12-1).

On October 26, 2016, Knight filed a Motion to Quash Summons Service and to Dismiss in this Court. (ECF No. 9). Knight seeks to dismiss Nationwide's case in this Court because Knight has a pending Declaratory Judgment proceeding in the Circuit Court and the amount in controversy does not exceed $75,000. (ECF No. 9).

## I.     Motion to Dismiss

The basis of Knight's Motion to Quash Summons Service and to Dismiss (ECF No. 9) is that Knight was not personally served with a copy of the summons for this case and, as a result, this Court lacks personal jurisdiction. In his affidavit, Knight states that he was away from his house on September 4, 2016 between 11:00 a.m. and 9:00 p.m., when he was supposedly served with the summons for this case. (ECF No. 9-1). Additionally, Knight argues that this Court does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000. Knight has executed an affidavit attesting that he seeks less than $75,000 in damages from his underinsured motorist coverage with Nationwide. Finally, Knight noted that he filed a pending Missouri State Court action against Nationwide that alleges a breach of contract, vexatious refusal to pay and seeks a declaratory judgment on the same issues which Nationwide asserts in its petition for declaratory judgment in this matter. (ECF No. 9 (citing Circuit Court of Jackson County, State of Missouri, Case No. 1616-CV22867)). Knight asks this Court to allow the state court in Jackson County to resolve the issues raised by Nationwide in this matter and to provide a continuous avenue for Knight to pursue his claims of breach of contract and vexatious refusal against Nationwide. (ECF No. 9, ¶11). Knight also notes that his Motion to Set Aside Dismissal of his state court action was granted on November 11, 2016. (ECF No. 12-1).

In response, Nationwide argues that the summons was properly served in this case. Nationwide claims that it has made the prima facie showing that the Court's personal jurisdiction

3

is properly exercised based upon the affidavit signed by the process server in this case. Judith Garner, a special process server, filed an affidavit saying she personally served Douglas Knight at his residence. (ECF No. 10-2). Moreover, even if service were ineffective, Nationwide contends that dismissal is not required; rather, the Court has discretion to either dismiss this action or quash service but retain the case. (ECF No. 10 at 3). In addition, Nationwide maintains that the amount in controversy has been met because this case was originally filed in August 31, 2016, and Knight did not file the affidavit purporting to reduce the amount in controversy to less than $75,000 until October 26, 2016. (ECF No. 10). Finally, Nationwide asserts that the pending state court case cited in Knight's Motion was dismissed by the court, and no state court case remains pending. (ECF No. 10 at 2).

"A defendant must have been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure in order to be held accountable for failing to plead or otherwise defend." *T-Mobile USA, Inc. v. Yoak*, No. 4:10CV02244 AGF, 2011 WL 1257923, at *1 (E.D. Mo. Apr. 4, 2011). "The burden lies with the plaintiff to demonstrate sufficient process and service; when process or service is challenged, the plaintiff must make a prima facie showing the court's personal jurisdiction is properly exercised." *T-Mobile USA, Inc. v. Yoak*, No. 4:10CV02244 AGF, 2011 WL 1257923, at *1 (E.D. Mo. Apr. 4, 2011) (quoting *Adkins v. Option One Mortg. Corp.*, No.2009 WL 35181, at *5 (W.D.Mo.2009)). The Eighth Circuit has held that a signed return of service constitutes prima facie evidence of valid service, "which can be overcome only by strong and convincing evidence." *Greater St. Louis Const. Laborers Welfare Fund v. Little*, 182 F.R.D. 592 (E.D.Mo.1998) (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955)); *Allstate Ins. Co. v. Bass*, No. 4:11-CV-1910-JAR, 2014 WL 2765286, at *2 (E.D. Mo. June 18, 2014). Here, both sides have provided signed affidavits to support their positions. The Court

holds that Knight's affidavit alone, however, fails to rebut the presumption of valid service. Knight indicates that he was at work when the process server supposedly served him with the Complaint. Knight, however, failed to provide any strong and convincing evidence, such as an affidavit from his employer or co-worker to verify his statement. As a result, the Court denies Knight's Motion to Dismiss based upon ineffective service of process.

The Court also holds that this Court has subject matter jurisdiction. The parties agree that complete diversity of citizenship exists. However, Knight challenges Nationwide's assertion that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied. The Court will not dismiss this action based upon the belated filing of Knight's affidavit stating that his claim for payment of underinsurance motorist benefits from Nationwide does not exceed $75,000. *See* ECF No. 9-1. "The basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed; therefore, post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed." *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005); *Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938))("Generally, such a post-removal stipulation limiting the amount in controversy—like a post-removal amendment—would not defeat removal jurisdiction."). Previously, Knight made a claim for payment to Nationwide for the full policy limits of $100,000. Thus, the Court holds that Knight's post-removal attempt to limit his damages is insufficient to divest this Court of subject matter jurisdiction. The Court denies Knight's motion to dismiss on this basis.

Finally, the Court will not dismiss this case based upon the corresponding state court filing. The Court notes that the state court action was recently removed to the Western District of Missouri. *See* 4:16cv1315 FJG (W.D. Mo.). While Knight filed a Motion to Remand, the Motion to Remand has not been ruled upon. Rather, the Western District of Missouri has issued a Case Management Order. Given the current postures of these cases, the Court finds that dismissal of the present action is not appropriate based upon the now-removed state court action. The parties may wish to file a new motion with the Court that accurately reflects the current procedural posture of both cases in order to prevent conflicting judgments. Therefore, the Court denies Knight's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Knight's Motion to Dismiss (ECF No. 9) is **DENIED.**

Dated this 6th day of July 2017.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**

6